United States v. Roper

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-two.

PRESENT:  Dennis Jacobs,
                Richard C. Wesley,
                Steven J. Menashi,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

         *Appellee*,

     v.                                   No. 21-1055

COREY ROPER,

         *Defendant-Appellant*,

DAVID HIGHTOWER, AKA HAZE,
TREMAIN MOORE, AKA TREY DUB,

NASHEAN FOLDS, GREGORY LUCK,
ANTWONE WASHINGTON, TERRELL CLARKE,
AKA FAMOUS, AKA FAMAZ,

   *Defendants*.

_____

| | |
|---|---|
| For Defendant-Appellant: | Karloff Cylton Commissiong, Adams & Commissiong LLP, New York, NY. |
| For Appellee: | Lara Pomerantz, Amanda Houle, Stephen J. Ritchin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Buchwald, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the final order of the district court is **AFFIRMED**.

Defendant-Appellant Corey Roper was sentenced to 156 months' imprisonment on August 7, 2019, for sex trafficking of children by force, fraud, or coercion in violation of 18 U.S.C. § 1591. Eighteen months later, he moved in the

district court for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). On April 5, 2021, the district court entered a final order denying Roper's motion, prompting his appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In his motion for compassionate release, Roper asserted that he suffers from "Pulmonary [and] Mental Health Disorder" and that those conditions were "controlled by ... many medications," including asthma inhalers and Mistazapine. App'x 178. Because of the conditions, Roper argued, COVID-19 was an "extraordinary and compelling reason[]" to grant him a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). According to Roper, COVID-19 posed a heightened danger to an asthmatic like himself, and the lockdowns imposed on the prison contributed to his "beginning to feel extremely stressed and depressed." App'x 175-77. The district court denied Roper's motion. It found that Roper failed to show "extraordinary and compelling reasons" for release. Additionally, the district court held that "even if … Roper had demonstrated extraordinary and compelling reasons to support his release, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release." *Id.* at 212-13.

On appeal, Roper argues that the district court failed fully to consider Roper's history and characteristics when it analyzed the 18 U.S.C. § 3553(a) factors. We disagree. A district court's denial of a motion for a discretionary sentence reduction is reviewed for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

The district court did not abuse its discretion in denying Roper's motion based on the § 3553(a) factors. The district court expressly noted "the nature and circumstances of the offense" and "the need … to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2). In connection with those factors, the district court considered that Roper's crimes "arose from his affiliation with the so-called Snow Gang, whose members engaged in myriad violent criminal activities," and that Roper himself was "actively involved" with "the sex trafficking of young women." App'x 213. The district court noted that, at the initial

4

sentencing, it considered the "harm, both physical and psychological, that … Roper inflicted on his victims," as well as Roper's apparent failure to "develop[] a respect for the law." *Id.* (quoting Sentencing Tr. 27, *United States v. Roper*, No. 1:16-CR-00505 (S.D.N.Y. Aug. 7, 2019), ECF No. 184).

Roper's argument that the district court "fail[ed] to meaningfully consider Roper's history and characteristics"—in particular, his "lack of youthful guidance," Appellant's Br. 11—is unconvincing. "We have declined to insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (internal quotation marks omitted). Accordingly, we "presume[] that the sentencing judge has considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." *Id.* at 118.

In this case, "[t]he record … demonstrates that the district court was well aware" of those circumstances because Roper had raised those issues before the same district court in his initial sentencing. *Keitt*, 21 F.4th at 72. "Indeed, it would have been most unusual if the district court's analysis of the § 3553(a) factors had been markedly different after such a short period of time." *Id.* Because Roper has

not shown that the district court failed to consider any of the § 3553(a) factors or that the district court's weighing of those factors was erroneous, he has not shown that the district court's judgment was either procedurally or substantively unreasonable.

Roper separately argues that the district court erred when it found that he failed to show "extraordinary and compelling reasons" for release. We need not consider this issue because it makes no difference to the disposition of this case. "Even if 'extraordinary and compelling' circumstances exist, … the court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). In other words, "extraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *Id.* Because the district court independently determined that Roper did not merit relief under the § 3553(a) factors, any error as to whether Roper showed "extraordinary and compelling reasons" for release was harmless.

6

Roper's remaining arguments are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court